UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| **Sarah DiGregorio,** | ) | |
| | ) | No. 11-35186 |
| Debtor. | ) | |
| | ) | |

MEMORANDUM OPINION ON DEBTOR'S MOTION
SEEKING DAMAGES FOR ASSERTED VIOLATION OF
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)

Sarah DiGregorio ("Debtor") is the Debtor in her Chapter 13 Bankruptcy case. She owns a condominium located at 924 W. Buena, Unit #1 in Chicago. Sheridan Buena Condominium Association ("Association") is the Association for the building in which the Debtor's unit is located.

Debtor fell behind on assessments due to the Association for her share of common expenses. As a result, the Association sued the Debtor and obtained a state court Order for Possession on March 22, 2011. That Order also awarded the Association a money judgment of $5,920.02 plus costs and attorney's fees for the unpaid assessments. The money judgment was final but the Order for Possession was not effective under Illinois law for a period of sixty days. The Debtor failed to pay or otherwise satisfy the money judgment within that period as required by Illinois law. As a result, the Order for Possession was executed on July 29, 2011 and Debtor was evicted from her unit.

Debtor filed for Chapter 13 bankruptcy on August 29, 2011. Under the Bankruptcy Code, a bankruptcy automatic stay accompanied the Debtor's Order for Relief, prohibiting "any act to obtain possession of property of the estate or . . . exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Post bankruptcy, the Association remains in possession of the unit by reason of the Order of Possession.

Debtor has now moved for damages under 11 U.S.C. § 362(k) alleging willful violation of the automatic stay. She argues that the Association violates the stay by refusing to return possession of her condominium after being informed of the bankruptcy filing and statutory imposition of the automatic stay. The Association argues that neither Debtor nor the bankruptcy estate held a possessory interest in the condominium unit after the 60 days expired because the Order for Possession effectively and finally transferred that right to the Association subject to payments required before possession is recovered. The Association reasons that it did not violate the stay because its continued possession did not affect property of the bankruptcy estate.

## JURISDICTION

Jurisdiction lies under 28 U.S.C. § 1334, and pursuant to Internal Operating Procedure 15(a) of the U.S. District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## DISCUSSION

The issue presented is whether entry of a final Illinois Court judgment dispossessing Debtor of a possessory interest in

her property effectively keeps that interest from being recovered as part of the bankruptcy estate. It is held below that Debtor has lost her possessory interest in the unit until she pays her debt and requisite litigation expenses. Therefore, the automatic stay does not prevent the Association from keeping possession of the unit granted to it by an Illinois Judgment. Although Debtor has not lost ownership interest in her unit, she has lost her right to live there unless and until she complies with conditions imposed by the final pre-bankruptcy judgment.

Accordingly the Debtor's Motion to impose sanctions under § 362(k) will be denied by separate order.

### The Circuit Court's Entry of Judgment for Possession Extinguished Debtor's Right to Possession

#### A. The Illinois Condominium Property Act ("the Act")

Section 9(h) of the Illinois Condominium Property Act ("the Act") 765 ILCS 605/1 et seq. gives rise to a lien in favor of the condo association upon a unit owner's failure to pay assessment fees. In addition to the more typical right of lien foreclosure, the Act also allows for the forcible entry and detainer, or eviction, of a condominium owner who does not pay his or her share of common expenses, or assessments. 765 ILCS 605/9(g)(1). Illinois law thereby affords condominium associations a unique mechanism by which to collect on a lien created under the Act without needing to follow the lengthy process of lien foreclosure.

Section 5/9-111 of the Illinois Code of Civil Procedure dictates the procedural steps applicable to actions for forcible

entry and detainer. Under the Act

> . . . when the action is based upon the failure of an owner of a unit therein to pay when due his or her proportionate share of the common expenses of the property . . . [and] the court finds that the expenses or fines are due the plaintiff, the plaintiff shall be entitled to the possession thereof . . . . The court shall, by order, stay the enforcement of the judgment for possession for a period of not less than 60 days from the date of the judgment . . . If at any time, either during or after the period of the stay, the defendant pays such expenses found due by the court, and costs, and reasonable attorney's fees . . . and is not in arrears on his or her share of the common expenses for the period subsequent to that covered by the judgment, the defendant may file a motion to vacate the judgment in the court in which the judgment was entered. . . . .

735 ILCS 5/9-111. Under that provision, while a condominium unit owner is not deprived of ownership interest in the unit, that owner does lose the right to possession unless and until the delinquency is cured. Id. If the lien and related litigation expenses are satisfied by payment, the condominium owner may file a motion to "vacate the judgment" and regain possession thereby. Id. Until that happens, however, the right of possession remains in the condominium association.

Post judgment and after the 60 days expired, the

-4-

Association petitioned the State Court for an Order of Possession, which was entered and then enforced. Debtor does not claim to have paid either the delinquent assessments or litigation expenses as found owing by the State Court. Consequently, the Debtor did not regain her right to possession before or since filing for bankruptcy protection in August 2011.

### B. Rooker Feldman Bars Modifying Final State Court Judgments Entered Pre-Bankruptcy

Bankruptcy Courts cannot review and reject final state court judgments. The Rooker-Feldman doctrine prevents federal courts other than the Supreme Court from reviewing state-court judgments. The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [lower federal] court proceedings commenced and inviting [lower federal] court review and rejection of those judgments." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642 (7th Cir. 2011) (*quoting Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

In applying the Rooker-Feldman doctrine, the immediate inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. *Id.*. Futhermore, "[t]o determine whether Rooker-Feldman bars a claim, we look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff." *Id.* There is no question Debtor seeks relief from a final state court judgment granting the Association possession of her condominium unit. She argues that bankruptcy law provides an independent basis for recovering possession of her unit.

-5-

However, the state court judgment cannot be reversed here. Enforcing the automatic stay against the Association in this case would destroy that judgment and directly disregard the Illinois Court's final and unappealed Order for Possession. Only the Supreme Court of the United States may review and reject a state court judgment. *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011).

The Order for Possession made the judgment entered earlier into a final judgment. Under Illinois law: "A final judgment is one that fixes absolutely and finally the rights of the parties in a lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. An order is not final if jurisdiction is retained for matters of substantial controversy." *In re Marriage of Link*, 362 Ill. App. 3d 191, 192–93 (2005).

In this case, the finality of the Order for Possession is not questionable even though the Act provides a means by which a condominium unit owner can regain possession after execution of the eviction. 735 ILCS 5/9-111(a). Illinois courts treat eviction orders under the Act as final judgments subject to appeal. *See Knolls Condo. Ass'n v. Harms*, 781 N.E.2d 261, 263–64 (Ill. 2002).

### C. Sections 541(a) and 542 of the Bankruptcy Code and Property of the Estate

Filing a Chapter 13 bankruptcy petition begins a case and creates an "estate." The estate is made up of all the debtor's property at the time the case commences. The estate is broadly inclusive, sweeping in a wide array of property rights and

interests held by the debtor. Its breadth is determined by § 541(a)(1) of the Bankruptcy Code, which states that the bankruptcy estate is "comprised of all the following property, wherever located. . . all legal or equitable interests of the debtor in property as of the commencement of the case." Despite the broad reach of this provision, it is not limitless. Critically, to be included as property of the estate, something must be: (1) property, (2) "of the debtor", (3) "as of the commencement of the case." In this case, Debtor cannot establish that the property interest here in issue, a possessory interest in the condominium unit, was hers as of the Bankruptcy Case filing. That property right was effectively transferred through a final state court judgment giving possession to the Association a full month before her bankruptcy case was filed when the Order for Possession was executed.

Debtor argues that because she retains ownership of her unit she also retains the right to possession by way of § 542 of the Code. Reply ¶ 30. Section 542 requires that parties in possession of estate property turn it over to the trustee or debtor-in-possession. As discussed below, however, the unit was not property of the debtor or the bankruptcy estate when the bankruptcy case was filed. While federal law determines whether something should be classified as "property of the estate," the full dimensions of the Debtor's ownership interest in her unit are determined by state law. The dispute in this case is not whether a possessory interest in a condominium unit can be property, but rather *to whom* that property right belongs here. It is well established that state law defines the nature and

attributes of property rights. *Butner v. United States*, 440 U.S. 48, 55 (1979). In this case, the Act controls the rights and responsibilities of condominium owners and condominium associations. Under Illinois law, the property interest in possession of a condominium unit can be taken away from a condo unit owner for failure to pay assessments. The Debtor does retain, in addition to her ownership interest, the right to reclaim the unit by satisfying the final judgment pursuant to which the Order for Possession was entered and then having that judgment vacated. *See* 735 ILCS 5/9-111.

Debtor nonetheless maintains that § 542 of the Bankruptcy Code restores her right to possession in the unit. The import of § 542 in reclaiming estate property was taken up by the Supreme Court in its decision in *United States v. Whiting Pools*, 462 U.S. 198 (1983). In that case, the debtor failed to pay its federal taxes and was assessed a tax lien by the Internal Revenue Service. Before the debtor filed for Chapter 11 bankruptcy the IRS seized debtor's property, including equipment, vehicles, inventory and supplies. *Id.* at 200. The debtor sought turnover of the property under § 542(a). The IRS refused, arguing in part that § 542(a) did not require return of property seized before filing of the bankruptcy case. *Id.* at 202–03. The Court disagreed, reasoning that the statute worked to "bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced." *Id.* at 204.

*Whiting Pools* is distinguishable, however, because in that case no final judgment of any court had terminated

Debtor's right to possession. In this case, the Debtor's property right to possession of her unit was terminated upon execution of the state court Order for Possession. This is not an interest that can be reclaimed under § 542 because it was terminated pre-bankruptcy by judgment subject to her right to pay the required money and get the judgment vacated.

### D. The Automatic Stay and Thompson Precedent Do Not Apply Here

Section 362 imposes an automatic stay immediately upon filing of a bankruptcy petition. The stay prohibits a wide array of actions that such as attempts to collect prepetition claims or that otherwise interfere with property of the estate. Debtor argues that the Association violated the stay by refusing to return possession of her unit after being informed of the Debtor's bankruptcy filing.

Section 362(k) allows a party aggrieved by a willful violation of the stay to recover actual damages, including costs and attorney's fees and, in some cases, punitive damages. Read in conjunction with § 542 of the Code, the failure of a third party to turn over property of the estate to the trustee or debtor constitutes a violation of the automatic stay. *Thompson v. General Motors Acceptance Corp., LLC*, 566 F.3d 699, 703 (7th Cir. 2009). However, § 362 protects only property of the estate or property in possession of the estate from actions to collect or that interfere with that property. Where, as here, the property right in question is not property of the estate because Debtor's right thereto was terminated pre-bankruptcy, the automatic stay does not apply. The property right implicated here is the

right of possession that was transferred to the Association by judgment of an Illinois state court. Debtor retains title to her unit but she may regain possession only by paying the assessment fees and expenses as adjudicated.

Debtor relies on *Thompson v. General Motors Acceptance Corp., LLC*, 566 F.3d 699 (7th Cir. 2009) for the proposition that the Association must turn over the condo unit to the bankruptcy estate before seeking to enforce its rights under the Bankruptcy Code. In *Thompson*, the debtor defaulted on his car payments and the creditor lawfully repossessed the car. *Id.* at 701. About two weeks later the debtor filed for Chapter 13 bankruptcy protection. *Id.* The debtor then requested the creditor to return the car but was refused. *Id.* The creditor was unwilling to comply with the request absent provision of "adequate protection." *Id.* When the debtor moved for sanctions under § 362 for violation of the automatic stay, the Bankruptcy Court denied the motion, citing bankruptcy decisions from this District holding that the creditor was not required to return seized property before receiving adequate protection of its interests as provided in 11 U.S.C. § 363(e). *Id.*

A Panel of the Seventh Circuit Court of Appeals disagreed with those Bankruptcy Judge opinions and instead adopted reasoning of other Circuit opinions. The Panel held that a creditor must return seized property before seeking adequate protection under § 363, relying on its reading of §§ 363(e) and 542(a), the Supreme Court decision in *Whiting Pools*, and "a myriad of policy considerations." *Id.* at 703. The Panel ruled that the language of § 542(a) expressly compels creditors in

possession of estate property to return that property to the trustee. *Id.* According to a majority of courts to have considered similar cases, "§ 542(a) works with the stay provision in § 362(a) to 'draw back into the estate a right of possession that is claimed by a lien creditor pursuant to a pre-petition seizure; the Code then substitutes 'adequate protection' for possession as one of the lien creditor's rights in the bankruptcy estate." Id. at 704 (citing *In re Sharon*, 234 B.R. 676, 683 (B.A.P. 6th Cir. 1999)). The Panel found support for its decision in *Whiting Pools*, as discussed supra. *Id.*

*Thompson* is clearly distinguishable. The pre-bankruptcy repossession in that case, while lawful, was not pursuant to a state court judgment terminating possession rights. In *Thompson*, the Panel began its analysis by stating "there is no debate that Thompson has an equitable interest in [his car], and, as such, it is property of the bankruptcy estate." *Id.* at 701. However, Debtor in this case lost her possessory interest in the unit upon execution of the state court's Order for Possession on July 29, 2011, a final unappealed judgment.

## CONCLUSION

The right to possession was lost by Debtor pre-bankruptcy and is not property of the estate. In retaining possession the Association has not taken any action with respect to "property of the estate." Therefore, it could not and did not violate the automatic stay under § 362. In addition, under the Rooker-Feldman doctrine, this court is unable to review or modify a final state court judgment under § 362(k). For these reasons,

Debtor's Motion to impose sanctions will be denied by separate order.

Enter

United States Bankruptcy Judge
Jack B. Schmetterer

Dated this 28 day of September, 2011.